# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 594 | **DATE** | 2/14/2002 |
| **CASE TITLE** | Tolemac, LLC vs. Gerald P. Jackson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Plaintiff's counsel is ordered to file in this Court's chambers on or before February 25, 2002 an appropriate supplement to the Amended Complaint that identifies each member of Tolemac, LLC and that states as to each such member his, her or its state or states of citizenship.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | FEB 19 2002 date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2/15/2002 | |
| SN | courtroom deputy's initials | date mailed notice SN mailing deputy initials | |

Date/time received in central Clerk's Office

02 FEB 15 PM 3:11
U.S. DISTRICT COURT CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TOLEMAC, LLC, et al., )
)
        Plaintiffs, )
)
v. ) No. 02 C 594
)
GERALD P. JACKSON, )
)
        Defendant. )

DOCKETED FEB 1 9 2002

## MEMORANDUM OPINION AND ORDER

This Court's January 28, 2002 memorandum order ("Order") (1) drew the attention of counsel for the three plaintiffs in this action to some flaws in the Complaint's jurisdictional allegations that created doubt as to the existence of the requisite diversity of citizenship and (2) required counsel for both sides to provide input as to the presence or absence of the necessary amount in controversy. This memorandum opinion and order further addresses both subjects in light of the parties' post-Order submissions.

As to the issue of diversity vel non, plaintiffs' counsel have since filed an Amended Complaint for Injunctive and Other Relief--but that pleading's surface compliance with the requirements of 28 U.S.C. §1332 ("Section 1332") does not suffice to enable this Court to discharge its obligation to assure the existence of federal jurisdiction, as mandated by such cases as Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998). Here is all that Amended Complaint ¶1 says as to the members of

Tolemac, LLC ("Tolemac," a limited liability company that is one of the three plaintiffs):

> Tolemac's members are citizens of the States of Arizona, California, Colorado, Florida, Maryland, Massachussetts [sic], Nevada, New Mexico, New York, Oregon, and Vermont, and of the Canadian Providence [sic] of Ontario. No member of Tolemac is a citizen of the State of Illinois.

Given the sometimes intricate (and often misunderstood) rules defining the relevant citizenship for Section 1332 purposes, that sort of conclusory characterization that contains no identification of just whose citizenship is relevant--that is, no identification of each of the members themselves coupled with the necessary information as to the members' respective states of citizenship--does not suffice.

This Court has also received submissions from the parties as to the other branch of diversity jurisdiction--the presence or the absence (as defendant Gerald Jackson would have it) of the requisite amount in controversy. Based on those submissions, it cannot fairly be said at this threshold stage of the case that subject matter jurisdiction is lacking on that score. What does remain for a further look, then, is only the issue of citizenship of all of the members of Tolemac.

Accordingly plaintiffs' counsel is ordered to file in this Court's chambers on or before February 25, 2002 (with a copy contemporaneously delivered to defense counsel) an appropriate supplement to the Amended Complaint that identifies each member

2

of Tolemac, LLC and that states as to each such member his, her or its state or states of citizenship.[1] This Court will then be in a position to confirm the existence or nonexistence of the requisite diversity.

/ _s/ Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: February 14, 2002

---

[1] As to any individual member, a representation as to his or her citizenship will suffice. As to any corporation, the information called for by Section 1332(c)(1) must be provided. And as to any other type of entity that may be a member, the relevant information prescribed by law must be provided.

3